11-4890-cr
United States v. Cuevas

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand twelve.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges*.

―――――――――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

                     *Appellee*,

             -v-                                          11-4890-cr

JOSE CUEVAS, a/k/a Chencho, a/k/a Checho,[1]

                     *Appellant*.

―――――――――――――――――――――――――――――――――――――

Appearing for Appellant:     Georgia J. Hinde, New York, N.Y.

Appearing for Appellee:      Martin S. Bell, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, Justin S. Weddle, Assistant United States Attorney, *on the brief*) New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

―――――――――――――――――――――

[1] The Clerk is directed to amend the caption as set out above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jose Cuevas appeals from the February 24, 2003 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*) sentencing him to 235 months' imprisonment following his plea of guilty to all counts of an indictment charging him with (1) conspiracy to import five kilograms and more of cocaine in violation of 21 U.S.C. § 846; (2) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); and (3) money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 2. Cuevas also appeals from the district court's memorandum order of November 15, 2011 denying his motion for resentencing after this Court's remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

When this Court remands to the district court pursuant to *Crosby*, the district court is charged with determining "whether to resentence," "based on the circumstances at the time of the original sentence." 397 F.3d at 120. We review a district court's sentence for reasonableness even after a district court declines to resentence on a *Crosby* remand. *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007). We review a sentence for reasonableness under an abuse of discretion standard. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). This inquiry comprises two components, procedural and substantive. *Id.* As to procedure, "[a] district court commits procedural error where it fails to calculate the Guidelines range . . ., makes a mistake in its Guideline calculation, or treats the Guidelines as mandatory." *Id.* at 190 (citations and internal quotation marks omitted). Respecting substantive review, an appellate court should "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks omitted).

We find neither substantive nor procedural error here. While Cuevas points to evidence in the record that would have permitted the district court to find he was a minor participant in the drug conspiracy, there was also sufficient evidence in the record to support the district court's conclusion that Cuevas' role likely fell between "mere messenger" and "executive," but nevertheless was not at the "low level" required to be found to have only played a minor role. Similarly, while Cuevas is correct that no one testified that he actually saw a gun, based on the record evidence the district court was free to impose the enhancement. *United States v. Batista*, 684 F.3d 333, 343 (2d Cir. 2012) ("Although a physical nexus between the defendant and the firearm is often useful in determining possession, such a nexus is by no means required in order for a court to impose the enhancement. Rather, courts should determine whether, by a preponderance of the evidence — including evidence relating to a defendant's specialized knowledge regarding the activities of drug gangs — possession of a firearm in connection with the offense was reasonably foreseeable by the defendant."). Finally, Cuevas argues the district court erred in not reducing his sentence based on his post-sentence rehabilitation. Cuevas correctly argues that *Pepper v. United States*, 131 S.Ct. 1229 (2011), permits a district court to consider evidence of post-sentence rehabilitation "when resentencing petitioner after his initial sentence had been set aside on appeal." *Id.* at 1236. However, *Pepper* does not compel a district court to impose a lower sentence based on post-sentence rehabilitation in every case. Here, the

record reflects that the district court considered Cuevas' "significant personal development he [had] undertaken and the outstanding record he has maintained during his time in prison," but concluded that "[w]hile these facts are relevant, they do not materially change what justice required at the time of Cuevas's sentencing, nor what it requires now, which is the sentence previously imposed." *United States v. Cuevas*, No. 98 Cr 1053-02 (JSR), 2011 WL 5579047, at *2 (S.D.N.Y. Nov. 11, 2011). The district court could have chosen to credit his post-sentence rehabilitation, but the district court's decision not to do so is well within the court's discretion. There is no error.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk